**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE BEEHLER and LEANN BEEHLER, Plaintiffs, and on behalf of the class members described below, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| vs. | ) ) ) | **PLAINTIFFS DEMAND TRIAL BY JURY** |
| AMERICAN HONDA MOTOR CO., INC., | ) ) ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiffs, BRUCE BEEHLER and LEANN BEEHLER, bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf all others similarly situated, and allege the following:

## I.     INTRODUCTION

1.     This class action seeks damages, injunctive and declaratory relief on behalf of a class of all persons who purchased a 2016 Honda CR-V ("CR-V").

2.     Defendant, AMERICAN HONDA MOTOR CO., INC. ("Honda"), manufactured, supplied, and promoted, the CR-V and knew or should have known, especially after many consumer complaints, that the passenger cabin of the CR-V frequently becomes filled with a harmful noxious gasoline odor.

3.     Despite this knowledge, Honda continues to fail to adequately disclose to buyers of the CR-V the fact that the passenger cabin periodically reeks of gasoline especially when driven in the Midwest.

1

4.      Despite knowing they are selling cars that reek of gasoline, Honda has failed to honor warranties requiring replacement of defective vehicles.

## II.      JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*.

6.      Venue is proper in this district because Defendant resides in this District.

## III.      THE PARTIES

7.      Plaintiffs, Bruce Beehler and Leann Beehler, are retail consumers residing in Fox Point, Wisconsin.

8.      At all times relevant to this Class Action Complaint, Defendant, Honda, is organized and existing under the laws of the state of California and is headquartered in Torrance, California.

9.      Honda is registered to do business in Illinois with a registered office in Chicago, Illinois.

10.     At all times relevant herein, Honda, through its agents, distributors, servants and/or employees, engaged in the design, manufacture, marketing, sale, and delivery of the CR-V nationally and internationally.

11.     Honda conducts business throughout the United States.

## IV.      CLASS ALLEGATIONS

12.     Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all others similarly situated, comprising a class consisting of "all persons in the United States who purchased (or received as part of an automobile purchase or lease transaction), during 2015 through the present, a 2016 Honda CR-V (the "Class")".

13.     Plaintiffs are members of the Class.

14.     Excluded from the Class are judicial personnel involved in considering the claims herein, all persons and entities with claims for personal injury, the defendants, any entities in which the defendants have a controlling interest, and all of their legal representatives, heirs and successors.

15.     It is estimated that the Class consists of thousands of persons located throughout the continental United States. The members of the Class are so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. The exact number of Class members is presently unknown to Plaintiffs, but can easily be ascertained from the sales and warranty claim records of Defendant.

16.     There are numerous questions of law or fact common to the members of the Class which predominate over any questions affecting only individual members and which make class certification appropriate in this case, including:

a. Whether Defendant, acting individually or collectively with their agents, failed to conduct appropriate, reasonable and adequate testing of the CR-V to determine its conformity to the reasonable expectations of consumers in the United States;

b. Whether Defendant, acting individually or collectively with their agents, failed to warn or otherwise inform Plaintiffs and other members of the Class of the noxious odors that spill into the passenger cabin of the CR-V;

c. Whether Defendant omitted to adequately disclose and/or affirmatively concealed, in their affirmations and promotional materials, among other things, the horrible noxious odor that consumes the passenger cabin of the CR-V; and

d. Whether Defendant violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*;

17.     The claims asserted by the named Plaintiffs are typical of the claims of the members of the Class.

18.     This class action satisfies the criteria set forth in Fed. R. Civ. P. 23(a) and 23(b)(3) in that Plaintiffs are members of the Class; Plaintiffs will fairly and adequately protect the interests of the members of the Class; Plaintiffs' interests are coincident with and not antagonistic to those of the Class; Plaintiffs have retained attorneys experienced in class and complex litigation; and Plaintiffs have, through their counsel, access to adequate financial resources to assure that the interests of the Class are adequately protected.

19.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a.  It is economically impractical for most members of the Class to prosecute separate, individual actions;

b.  After the liability of Defendants has been adjudicated, the individual and aggregate claims of all members of the class can be determined readily by the Court; and

c.  Litigation of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to the individual Class members that would substantially impair or impede the ability of other Class members to protect their interests.

20.     Class certification is also appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate declaratory and/or injunctive relief with respect to the claims of Plaintiffs and the Class members.

## V.     FACTS COMMON TO ALL COUNTS

21.     On or about January 11, 2016, Plaintiffs purchased a new Honda CR-V with vehicle identification number 5J6RM4H74GL019190 (hereinafter "Subject Vehicle").

22.     Within days of purchasing the Subject Vehicle, Plaintiffs experienced what smelled like an open pool of gasoline inside the passenger cabin. The noxious odor persisted no matter the speed they drove or duration of driving.

23.     The odor was intermittent but pungent. It came and went regardless of the outdoor temperature, speed of the vehicle, or duration of driving.

24.     Many other CR-V owners have complained about the noxious odor filling the passenger cabin.

25.     On March 22, 2016, when the vehicle had traveled only 1,916 miles, Plaintiffs took the Subject Vehicle for service at the Russ Darrow Honda Dealership and reported an intermittent gas smell that occurred while the vehicle idled. The dealership performed a visual inspection and performed an all-systems scan. The dealership then contacted the Honda Tech Line regarding the customer's concerns, and the dealership was instructed to inspect all spark plugs for looseness and signs of fuel leakage.  A dealership employee told Plaintiffs that Honda was aware of the odor problem from similar complaints by other customers who had purchased or leased the 2016 CR-V and did not have a solution. The vehicle was returned to the Plaintiffs with no diagnostic tests or repair procedures having been performed.

26.     On April 16, 2016, when the vehicle had traveled only 2,420 miles, Plaintiffs took the Subject Vehicle to the Russ Darrow Honda dealership a second time and reported an intermittent gas odor coming from the heater vents.  The dealership performed a visual

inspection and an all systems scan. The vehicle was returned to the Plaintiffs with no diagnostic testing or repairs having been performed.

27.     On April 18, 2016, when the vehicle had traveled only 2,507 miles, Plaintiffs returned to the Russ Darrow Honda dealership for a third time and reported an intermittent strong smell of gas in the passenger cabin. The dealership technician smelled the gas odor in the cabin, performed a visual inspection and performed an all systems scan. The Subject Vehicle was again returned to the Plaintiffs with no diagnostic testing or repairs done.

28.     On May 9, 2016, when the vehicle had traveled only 2,676 miles, Plaintiffs took the Subject Vehicle to another dealership, the David Hobbs Honda dealership, and reported, yet again, an intermittent strong smell of gas. The dealership performed a visual inspection and an all-systems scan. The dealership started and stopped the engine multiple times and was purportedly unable to duplicate the odor. A dealership employee told Plaintiffs that Honda was aware of the odor problem from similar complaints by other customers and did not have a solution. The Subject Vehicle was returned to the customer with no diagnostic tests or repairs having been performed.

29.     On June 3, 2016, when the vehicle had traveled only 3,147 miles, Plaintiffs took the Subject Vehicle back to the Russ Darrow Honda dealership and reported, for the fifth time, noxious gas odors in the vehicle. Again, the dealership performed an all-systems scan and visual inspection. The dealership started and stopped the engine several times and was purportedly unable to duplicate the awful smell. A dealership employee told Plaintiffs that Honda was aware of the odor problem from similar complaints by other customers and did not have a solution. Again, the Subject Vehicle was returned to the customer with no diagnostic tests or repairs having been performed.

30.     Finally on August 18, 2016, when the vehicle had traveled only 4,097 miles, Plaintiffs took the Subject Vehicle back to the Russ Darrow Honda dealership and reported, for the sixth time, noxious odors in the vehicle. This time, the Honda Tech Line was called and it was reported that "WE HAVE BEEN TOLD BY TECHLINE ABOUT OTHER NEW CRV'S THAT SMELL MAY BE COMING FROM, THE COMBINATION OF THE MIDWEST FUEL DETERGENTS AND THE MATERIAL THAT NEW CARS ARE MADE OF. TRY A DIFFERENT TOP TIER GAS STATION, THOUGH NOT SURE IF THAT WILL WORK. VEHICLE RETURNED TO CUSTOMER…" (Exhibit "A" August 18, 2016 Russ Darrow Report attached hereto and incorporated herein).

31.     Plaintiffs were given a list of recommended "top tier" gas stations.  Plaintiffs had been using these listed top tier gas stations 12 of the 13 times they purchased gasoline since they purchased the Subject Vehicle

32.     Honda, through its Tech Line, acknowledges that it is aware of a widespread problem of noxious odors and that it does not know how to repair the problem, yet still refuses to replace the defective vehicles. *See* Exhibit A.

33.     The noxious odors omitted by the Subject Vehicle and into the passenger cabin, whether from escaping gasoline, plastic in the vehicle, or other materials the vehicles are made of, are harmful to the lungs and other organs in the human body.

34.     The dangers to humans associated with inhaling fumes from gasoline are well-documented and accepted by the scientific community, including but not limited to, nose and throat irritation, dizziness, breathing difficulties, COPD, and lung cancer.

35.     The dangers to humans of inhaling fumes from plastic or other material used in the manufacture of vehicles are well-documented and accepted by the scientific community.

36.     Honda claims the 2016 CR-V "feels like home" and invites customers to "sit back and enjoy the ride". (2016 Honda CR-V Brochure Attached hereto as Exhibit "B" and incorporated herein).

37.     The 2016 Honda CR-V does not feel like home because it reeks of gasoline.

38.     Plaintiffs and Class members cannot sit back and enjoy the ride when they are enveloped with harmful fumes.

39.     Honda claims that "[f]rom the moment you buy your vehicle, you enter a relationship filled with confidence and peace of mind." http://owners.honda.com/ownership/benefits

40.     Plaintiffs and Class members have no confidence and peace of mind in a manufacturer that continues to sell vehicles it knows reek of gasoline, yet refuses to replace pursuant to its warranty.

41.     The 2016 CR-V is separately warranted by Honda to be free of defects in materials, workmanship and design. The warranty was in place for three years.

42.     In connection with the delivery of the Subject Vehicle, Defendants delivered to Plaintiffs and the Class a warranty booklet containing affirmations of fact as to the absence of defects in materials and workmanship, including design, and the durability and longevity of the CR-V. In particular, Defendant's affirmations and warranties states as follows: "Honda will repair or replace any part that is defective in material or workmanship under normal use… All repairs/replacements made under this warranty are free of charge. The replaced or repaired parts are covered only until this New Vehicle Limited Warranty expires."  (Warranty Book Attached hereto as Exhibit "C" and incorporated herein).

43.     Defendant failed to comply with the foregoing warranty with respect to Plaintiffs and with respect to Class members. Defendants have not repaired nor replaced the vehicles emitting noxious odors as required by the terms of the express warranty.

44.     Defendant failed to disclose at the time they marketed, warranted, sold or delivered the 2016 CR-V to consumers that the vehicles would emit harmful noxious odors, rendering the vehicles unsuitable for driving.

45.     Despite having knowledge of this problem of new CR-V's emitting noxious odors since at least August 2016, Defendant has not recalled the CR-V and has continued to market the CR-V.

46.     Defendant knew, or should have known, that the design, materials and workmanship utilized for the CR-V resulted in noxious odors being leaked into the passenger cabin on the CR-Vs it sold to Class members.

47.     Defendant knew, or should have known, that the noxious odors are potentially harmful to Class members.

48.     Plaintiffs cannot drive the Subject Vehicle when its passenger cabin is filled with an overpowering gasoline odor.

49.     Any vehicle that emits a pungent, noxious, gasoline odor into the passenger cabin as exhibited in the Subject Vehicle is not suitable for driving.

## VI.    CLAIM

### COUNT I
### Violation of Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)

50.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 49 of the Class Action Complaint as Paragraph 50 of the Complaint with the same force and effect as though fully set forth herein.

51.    This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 1332 (a)-(d).

52.    Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3). They are consumers because they are persons entitled under applicable state law to enforce against the warrantor the obligations of its express and implied warranties.

53.    Honda was a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

54.    15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

55.    Honda provided Plaintiffs and the other Class members with an implied warranty of merchantability in connection with the purchase or lease of their vehicles that is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7). As a part of the implied warranty of merchantability, Honda warranted that the CR-V was fit for their ordinary purpose as safe passenger motor vehicles, would pass without objection in the trade as designed, manufactured, and marketed, and were adequately contained, packaged, and labeled.

56.    Honda breached these implied warranties, as described in more detail above, and is therefore liable to Plaintiffs and the Class pursuant to 15 U.S.C. § 2310(d)(1). Without

limitation, the CR-Vs share common design defects in that they emit a noxious odor into the passenger cabin.

57.     Plaintiffs and each of the other Class members have had sufficient direct dealings with either Honda or its agents (dealerships) to establish privity of contract. Nonetheless, privity is not required here because Plaintiffs and each of the other Class members are intended third-party beneficiaries of contracts between Honda and its dealers, and specifically, of the implied warranties. The dealers were not intended to be the ultimate consumers of the CR-V and have no rights under the warranty agreements provided with the CR-V; the warranty agreements were designed for and intended to benefit consumers. Finally, privity is also not required because the CR-V are dangerous instrumentalities due to the aforementioned defects and nonconformities.

58.     Pursuant to 15 U.S.C. § 2310(e), Plaintiffs are entitled to bring this class action and are not required to give Honda notice and an opportunity to cure until such time as the Court determines the representative capacity of Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59.     The amount in controversy of Plaintiffs' individual claims meets or exceeds the sum of $25. The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit. Plaintiffs, individually and on behalf of the other Class members, seek all damages permitted by law, including diminution in value of their vehicles, in an amount to be proven at trial. In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs and the other Class members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiffs

and the other Class members in connection with the commencement and prosecution of this action.

60.     Plaintiffs also request, as a form of equitable monetary relief, re-payment of the out-of-pocket expenses and costs they have incurred in attempting to rectify the horrible, noxious, odor in their vehicles. Such expenses and losses will continue as Plaintiffs and Class members must take time off from work and, pay for rental cars or other transportation arrangements, child care, and the myriad expenses involved in going through the recall process.

61.     As a direct and proximate result of Honda's breach of warranty, Plaintiffs and the Class have suffered damages including, but not limited to, loss of use of their CR-V.

WHEREFORE, Plaintiffs, individually and on behalf of the Class as defined herein, respectfully request that this Court enter a judgment against Honda and in favor of Plaintiffs and the Class, and grant the following relief:

A. Determine that this action may be maintained and certified as a class action on a nationwide, statewide, and/or multistate basis under Rule 23(b)(1), 23(b)(2) and/or 23(b)(3); or alternatively, certify all questions, issues and claims that are appropriately certified under 23(c)(4); and that it designate and appoint Plaintiffs as Class Representatives, and appoint Class Counsel under Rule 23(g).

B. Award Plaintiffs and Class members their actual, compensatory and/or statutory damages, according to proof;

C. Award Plaintiffs and Class members their reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest;

D. Award Plaintiffs and Class members such other, further and different relief as the case may require; or as determined to be just, equitable, and proper by this Court.

Respectfully submitted,

**BRUCE BEEHLER and**
**LEANN BEEHLER,**
Plaintiffs

By:     _/s/*Alexander N. Loftus*_____
                One of Their Attorneys

Daniel J. Voelker, Esq.
Alexander N. Loftus, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500
Chicago, Illinois 60654
(T): (312) 870-5430
dvoelker@voelkerlitigationgroup.com
alex@voelkerlitigationgroup.com

Dated: August 31, 2016