**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE BEEHLER and LEANN BEEHLER, on behalf of class members, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 16 C 8525 |
| | ) | |
| v. | ) | |
| | ) | Judge Amy St. Eve |
| AMERICAN HONDA MOTOR CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court grants Defendant's motion to dismiss based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) without prejudice and grants Defendant's motion to dismiss for improper venue under Rule 12(b)(3), also without prejudice.[1] [13]. All pending dates and deadlines are stricken. Civil case terminated.

**STATEMENT**

On August 31, 2016, Plaintiffs Bruce and Leann Beehler, on behalf of class members, filed a Class Action Complaint alleging that Defendant American Honda Motor Co., Inc. ("AHM") breached express and implied warranties under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue. For the following reasons, the Court grants Defendant's motion to dismiss because the Court does not have personal jurisdiction over Defendant nor is venue proper in this district pursuant to 28 U.S.C. § 1391(b). The Court grants Defendant's motion without prejudice to refile where the court has personal jurisdiction and proper venue.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2); *Central States v. Phencorp. Reins. Co.*, 440 F.3d 870, 875 (7th Cir. 2006). "The plaintiff bears the burden of establishing personal jurisdiction." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014). When ruling on a Rule 12(b)(2) motion to dismiss based on the submission of written materials, a plaintiff need only make a prima facie case of personal

[1] Because the Court does not have personal jurisdiction over Defendant, the Court need not address Defendant's Rule 12(b)(1) and 12(b)(6) arguments.

jurisdiction. *See Northern Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In analyzing a Rule 12(b)(2) motion without conducting an evidentiary hearing, courts accept all well-pleaded facts in the complaint as true and resolve any factual disputes in the parties' affidavits in plaintiff's favor. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). That being said, the Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

**BACKGROUND**

In their Complaint, Plaintiffs Bruce and Leann Beehler allege that they are retail consumers who reside in Fox Point, Wisconsin. (R. 1, Compl. ¶ 7.) Plaintiffs further allege that at all times relevant to this Class Action Complaint, AHM is organized and exists under the laws of the State of California and is headquartered in Torrance, California. (*Id*. ¶ 8.) AHM is registered to do business in Illinois and has a registered office in Chicago. (*Id*. ¶ 9.) Plaintiffs also assert that AHM, through its agents, distributors, servants and/or employees, engaged in the design, manufacture, marketing, sale, and delivery of the automobile model CR-V nationally and internationally. (*Id*. ¶¶ 1, 10.)

Plaintiffs maintain that on or about January 11, 2016 they purchased a new Honda CR-V (vehicle identification number 5J6RM4H74GL019190) and within days of their purchase they experienced a "harmful noxious gasoline odor." (*Id*. ¶¶ 2, 21, 22.) On March 22, 2016, when the vehicle had traveled only 1,916 miles, Plaintiffs took it for service at the Russ Darrow Honda Dealership and reported that an intermittent gas smell occurred while the vehicle idled. (*Id*. ¶ 25.) The dealership performed a visual inspection and an all-systems scan. (*Id*.) According to Plaintiffs, the dealership then contacted the Honda Tech Line regarding their concerns, and the Tech Line instructed the dealership to inspect all spark plugs for looseness and signs of fuel leakage. (*Id*.) Plaintiffs allege that a dealership employee told them that Honda was aware of the odor problem from similar complaints by other customers who had purchased the 2016 CR-V and did not have a solution. (*Id*.) Likewise, on two separate occasions in April 2016, Plaintiffs took their CR-V to the Russ Darrow Honda dealership, after which the dealership performed a visual inspection and an all systems scan. (*Id*. ¶¶ 26, 27.) In May 2016, Plaintiffs took their CR-V to the David Hobbs Honda dealership and returned to the Russ Darrow dealership in June and August 2016 regarding the gas odors in their vehicle. (*Id*. ¶¶ 28, 29, 30.) After the Russ Darrow dealership called the Honda Tech Line in August 2016, it communicated to Plaintiffs that "we have been told by techline about other new CRV's that smell may be coming from, the combination of the midwest fuel detergents and the material that new cars are made of. Try a different top tier gas station, though not sure if that will work." (*Id*. ¶ 30.) Despite using top tier gas stations, Plaintiffs allege that the gas odors did not abate. (*Id*. ¶ 31.)

Plaintiffs also allege that in connection with the delivery of their CR-V, Defendant delivered to Plaintiffs a warranty booklet containing affirmations of fact as to the absence of defects in materials and workmanship, including design, and the durability and longevity of the

CR-V. (*Id.* ¶ 42.) In particular, Defendant's affirmations and warranties state: "Honda will repair or replace any part that is defective in material or workmanship under normal use… All repairs/replacements made under this warranty are free of charge. The replaced or repaired parts are covered only until this New Vehicle Limited Warranty expires." (Warranty Book Attached hereto as Exhibit "C" and incorporated herein). (*Id.*)

**ANALYSIS**

## I. Personal Jurisdiction

Plaintiffs bring their breach of express and implied warranty Magnuson-Moss Act claims based on the Court's diversity jurisdiction. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 844 (7th Cir. 2014); *see, e.g., Demaria v. Nissan N. Am.*, No. 15 C 3321, 2016 WL 374145, at *5 (N.D. Ill. Feb. 1, 2016). A federal district court with subject matter jurisdiction based on diversity of citizenship may exercise personal jurisdiction over a defendant only if personal jurisdiction is proper in the state in which it sits and comports with the requirements of the Fourteenth Amendment's due process clause. *See Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). More specifically, a "court's exercise of jurisdiction over the defendant must be authorized by the terms of the forum state's long arm statute and also must comport with the requirements of the Fourteenth Amendment's Due Process Clause." *Felland*, 682 F.3d at 672. Illinois' long-arm statute permits its courts to exercise personal jurisdiction on any basis permitted by the Illinois and United States Constitutions, *see* 735 ILCS 5/2-209(c), and it is well-settled there is "'no operative difference' between Illinois constitutional and federal constitutional limits on personal jurisdiction." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015) (citation omitted). Personal jurisdiction may be general or specific depending on the defendant's contacts with the forum state. *See id.* at 913; *Northern Grain Mktg.*, 743 F.3d at 492. The exercise of specific jurisdiction over a defendant requires a plaintiff to show that the alleged controversy between the parties "arises out of or relates to the defendant's contacts with the forum." *Daimler v. Bauman*, 134 S.Ct. 746, 749 (2014). General jurisdiction, unlike specific jurisdiction, "exists even with respect to conduct entirely unrelated to the forum state." *Kipp*, 783 F.3d at 698. Plaintiffs maintain that the Court has both general and specific personal jurisdiction over AHM.

### A. General Personal Jurisdiction

The Supreme Court has emphasized the high bar required for establishing general personal jurisdiction. *See Daimler*, 134 S.Ct. at 754; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *see also Kipp*, 783 F.3d at 698 ("In recent years, the Supreme Court has clarified and, it is fair to say, raised the bar for [general jurisdiction]"). As instructed by the Seventh Circuit, general jurisdiction "should not lightly be found" and "exists only when the organization is 'essentially at home' in the forum state." *Kipp*, 783 F.3d at 698 (citations omitted). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*,

134 S.Ct. at 754 (quoting *Goodyear Dunlop*, 564 U.S. at 919 ).

Under *Daimler*, Plaintiffs must establish that AHM is "at home" in Illinois, which requires a showing that AHM is incorporated in Illinois or has its principal place of business in Illinois. *See id.* at 761; *Kipp*, 783 F.3d at 698; *Advanced Tactical*, 751 F.3d at 800. Plaintiff cannot make either showing. First, Plaintiffs unequivocally allege that AHM is organized and exists under the laws of the State of California and is headquartered in Torrance, California. (Compl. ¶ 8.) Second, AHM presents an unrefuted declaration averring that its primary operations are located in Torrance, California, where its headquarters are located, and that AHM is a California corporation. (R. 17, Schmidt Decl. ¶ 10.)

Nevertheless, Plaintiffs maintain that AHM is at home in Illinois because AHM's "regional hub" is in Illinois with an office in Chicago and that AHM has sold thousands of vehicles in Illinois. AHM's uncontradicted declaration, however, avers that "AHM does not sell vehicles directly to the public, but is the "U.S. distributor and warrantor of Honda vehicles sold in the United States." (Schmidt Decl. ¶ 3.) Further, the declarant states that "AHM sells vehicles to independently owned and operated dealerships who, in turn, sell or lease vehicles to the public." (*Id.* ¶¶ 3, 4.) Even if Plaintiffs had refuted AHM's declaration – which they have not done – their argument fails under *Daimler* as underscored by Judge Aspen's decision in *Dimitrov v. Nissan N. Am., Inc.*, No. 15 C 06332, 2015 WL 9304490 (N.D. Ill. Dec. 22, 2015). In *Dimitrov*, the plaintiff argued that Defendant Nissan North America was "at home" in Illinois because it was registered to do business in Illinois, conducted business in Illinois, and had a regional office in Aurora, Illinois. *See id.* at *4. Applying *Daimler*, Judge Aspen noted that *Daimler* Court rejected any such arguments and concluded "that the existence of a regional office, the operation of two additional facilities, and [Daimler's indirect subsidiary's] extensive sales in the state were not sufficient to confer general jurisdiction." *Id.*

Similar to the defendants in *Daimler* and *Dimitrov*, AHM's Illinois activities are insufficient for general personal jurisdiction, especially in light of the unrefuted averments that AHM has only 50 associates reporting to Illinois locations, which include a zone office in Arlington Heights, Illinois, and a Training Center responsible for training dealership technicians who perform warranty and other service on Honda vehicles. (Schmidt Decl. ¶ 7.) Under these circumstances, Plaintiffs have failed in their burden of establishing that the Court has general personal jurisdiction over AHM.

**B. Specific Personal Jurisdiction**

Plaintiffs further argue that the Court has specific personal jurisdiction over AHM. "To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must 'directly relate to the challenged conduct or transaction.'" *Northern Grain Mktg*, 743 F.3d at 492 (citation omitted); *see also Noboa v. Barcelo Corporacion Empresarial, SA*, 812 F.3d 571, 572 (7th Cir. 2016) ("Only intentional contacts by the defendant with the forum jurisdiction can support specific jurisdiction."). "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully

availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Northern Grain Mktg*, 743 F.3d at 492 (citation omitted).

Here, Plaintiffs' allegations and AHM's declaration reveal that Plaintiffs are Wisconsin citizens who purchased their Honda CR-V in Wisconsin and serviced their CR-V at Wisconsin dealerships. (*See* Schmidt Decl. ¶ 6.) Further, AHM's unrefuted declaration states that "AHM's business records indicate the vehicle purchased by Bruce and Leann Beehler (the "Vehicle") is a 2016 Honda CR-V that was manufactured at East Liberty Plant in East Liberty, Ohio by Honda of America Mfg., Inc. (HAM), a different Honda entity." (Schmidt Decl. ¶ 5.) Schmidt further avers that "AHM sold the Vehicle to Wilde Honda in Waukesha, Wisconsin" and the "Beehlers then purchased the Vehicle from Wilde Honda in Waukesha. (*Id*.) Under Plaintiffs' allegations and the unrefuted declaration, Plaintiffs have fail to establish that their injury arises out of AHM's forum-related activities. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.").

Plaintiffs nonetheless argue that the Court has specific personal jurisdiction over AHM because "Defendant moved the defective cars from Ohio through Illinois to dealerships throughout the Midwest including Illinois and Wisconsin." (R. 22, Pls.' Resp. Brief, at 6.) Even if Plaintiffs had made these allegations in their Complaint or supported these facts with a declaration or affidavit, that AHM transported cars from Ohio through Illinois on the way to Wisconsin fails to sufficiently establish that AHM has a substantial, suit-related connection to Illinois. *See Northern Grain Mktg*, 743 F.3d at 492. In short, the fact that Plaintiffs' vehicle may have traveled through Illinois on its way to Wisconsin does not support the Court's exercise of specific personal jurisdiction.

Last, Plaintiffs assert that because AHM's warranty operations for Wisconsin are headquartered in Illinois, the Court has specific personal jurisdiction over AHM. Plaintiffs' argument is belied by the warranty booklet they attach to their Complaint showing that AHM administers its warranties from its headquarters in Torrance, California. (*See* R. 1, Ex. C, at 4.) ("Honda Automobile Division, a division of American Honda Motor Co., Inc., gives these warranties on behalf of American Honda Motor Co., Inc., 1919 Torrance Boulevard, Torrance, California 90501-2746, a California Corporation."). Accordingly, the Court grants – without prejudice – Defendant's Rule 12(b)(2) motion for lack of personal jurisdiction over AHM with to refile where the court has personal jurisdiction and proper venue.[2]

---

[2] That Plaintiffs' counsel asked AHM's counsel to waive personal jurisdiction in Illinois further supports the Court's Rule 12(b)(2) ruling that it lacks personal jurisdiction over AHM in this matter. (R. 24, Kiser Decl. ¶ 3.)

**II. Improper Venue**

Although Plaintiffs allege that AHM resides in this district, based on the unrefuted Schmidt Declaration and the analysis above, venue is not proper in this district because AHM does not reside in this district and the "substantial part of the events or omissions giving rise to the claim" did not occur in this district for purposes of 28 U.S.C. § 1391(b). *See Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016) (under Rule 12(b)(3) "the district court assumes the truth of the allegations in the plaintiff's complaint, *unless* contradicted by the defendant's affidavits.") (emphasis in original); *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011) (in deciding improper venue, allegations are taken as true, unless contradicted by the defendant's affidavits). The Court therefore grants – without prejudice – Defendant's motion to dismiss for improper venue pursuant to Rule 12(b)(3).

**Dated:** January 13, 2017

**AMY J. ST. EVE**
**United States District Court Judge**